UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ANDREW TIMOTHY FRANZ,

    Plaintiff,

v.                                                          Case No. 18-C-1052

UNITED STATES,

    Defendant.

## SCREENING ORDER

Plaintiff Andrew Franz, who is currently being held in the Sheboygan County Detention Center and representing himself, filed a complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. The court dismissed Franz' complaint on October 2, 2018, because he failed to submit the assessed initial partial filing fee payment of $8.07. ECF No. 10. Franz subsequently submitted the payment on October 15, 2018, and the court will treat the matter as re-opened and screen his complaint.

### MOTION TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE

The plaintiff is required to pay the $400.00 filing fee for this action, which includes the $350.00 statutory filing fee and a $50.00 administrative fee. *See* 28 U.S.C. § 1915(b)(1). If a prisoner does not have the money to pay the filing fee, he can request leave to proceed without prepayment of the full filing fee. In that case, the prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 statutory filing fee but not the $50.00 administrative fee. *See* 28 U.S.C. § 1915(b)(1). The plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required

under 28 U.S.C. § 1915(a)(2), and has been assessed and paid an initial partial filing fee of $8.07. The plaintiff's motion for leave to proceed without prepaying the filing fee will be granted.

## SCREENING OF THE COMPLAINT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain sufficient factual matter "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court accepts the factual allegations as true and liberally construes them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 651 (7th Cir. 2013). Nevertheless, the complaint's allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

## ALLEGATIONS OF THE COMPLAINT

Although not entirely clear, Franz' complaint appears to allege that Sheboygan County District Attorney Joel Urmanski "and others acting under color of law," none of whom are named

2

as defendants in this case as only the United States has been named as a defendant in the caption, are "at the center of mass corruption by the state court" in violation of the Racketeering Influence and Corrupt Organizations Act (RICO Act), 18 U.S.C. § 1961, *et seq*. Pl.'s Compl. at 5, ECF No. 1. This claim appears to be based on the defendants' alleged fraud, fabrication of reports, and collusion with Franz' defense counsel related to Franz' conviction in Sheboygan County in 2015 to which he entered a no contest plea.

Franz also claims a tort was committed by others involved in his state court proceedings, claiming the "miscarriage of justice and misfeance [sic] within the very corrupted state court is a tort," but does not state what law or constitutional right was violated. *Id*. at 2. In addition, Franz' complaint contains a request for change of venue, a request for substitution of judge, and a petition for an order to vacate, dismiss, set aside or void his state court conviction.

### THE COURT'S ANALYSIS

Taking Franz' allegations as true, which the court must do at this stage, he has failed to state a claim upon which relief may be granted. Franz' complaint does not state sufficient facts to support his claim that the conduct of those identified in his complaint violates the RICO Act. In support of his argument, Franz relies heavily on a letter from the Wisconsin Department of Corrections to the Honorable L. Edward Stengel of the Sheboygan County Circuit Court addressing a sentencing error in someone else's case. ECF No. 1-1 at 24. Franz claims that this letter in combination with his case and "many other known cases" supports his RICO Act claim. Franz, however, does not allege specific facts stating that the mistake there also occurred here or that it was the result of conduct by the alleged participants in violation of the RICO Act. Regarding Franz' other alleged tort, he has failed to clearly state what alleged tort was committed or, more importantly, what right, privilege

3

or immunity secured by the Constitution or federal law he has been deprived of as a result of the defendants' actions. Thus, Franz has provided no arguable basis for relief, having failed to make any rational argument in law or fact to support his claims. *See House v. Belford*, 956 F.2d 711, 720 (7th Cir. 1992) (quoting *Williams v. Faulkner*, 837 F.2d 304, 308 (7th Cir. 1988), aff'd *sub nom. Neitzke v. Williams*, 490 U.S. 319 (1989)).

Regarding Franz' motions for change of venue and substitution of judge, this court does not have jurisdiction to resolve those motions and they should be directed to a Wisconsin state court. *See* Wis. Stat. §§ 971.20, 971.22. Finally, Franz' request that his state conviction be vacated or set aside should be sought under 28 U.S.C. § 2254, not 42 U.S.C. § 1983.

**IT IS THEREFORE ORDERED** that the plaintiff's motion for leave to proceed *in forma pauperis* (ECF No. 4) is **GRANTED.**

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) **for failure to state a claim**.

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. §1915(g).

**IT IS FURTHER ORDERED** that the agency having custody of the prisoner shall collect from his institution trust account the $341.93 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2).

The payments shall be clearly identified by the case name and number assigned to this action. If the plaintiff is transferred to another institution, the transferring institution shall forward a copy of this Order along with the plaintiff's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where the inmate is confined and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

**I FURTHER CERTIFY** that any appeal from this matter would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) unless the plaintiff offers bonafide arguments supporting his appeal.

Dated at Green Bay, Wisconsin this  23rd  day of October, 2018.

s/ William C. Griesbach  
William C. Griesbach, Chief Judge  
United States District Court

This order and the judgment to follow are final. The plaintiff may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If the plaintiff appeals, he will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome. If the plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this court. *See* Fed. R. App. P. 24(a)(1). The plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. § 1915(g). If the plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serous physical injury. *Id.*

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.